```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           SPARTANBURG DIVISION
```

| | |
|---|---|
| Jarvis Terrell, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. 7:17-2738-BHH |
| v. | ) |
| | ) |
| City of Spartanburg, | )   **ORDER** |
| City of Spartanburg Police Department, | ) |
| Bryan Shaw, and | ) |
| Michael Parris, | ) |
| | ) |
|       Defendants. | ) |

This matter is before the Court upon Plaintiff Jarvis Terrell's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges excessive force and three state law claims for battery, assault, and malicious prosecution pursuant to the South Carolina Tort Claims Act. On April 26, 2018, the City of Spartanburg (and the City of Spartanburg Police Department, which is not a separate entity from the City) along with Officer Michael Parris filed a motion for summary judgment, and on May 18, 2018, Officer Bryan Shaw also filed a motion for summary judgment. Plaintiff responded to the motions on May 29, 2018, and June 19, 2018, and Defendants filed replies on June 5, 2018, and June 26, 2018.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 12, 2018, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court grant Defendants' motions for summary judgment. Attached to the Report was

a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Defendants are entitled to summary judgment for the reasons set forth in the Report.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 59) and grants Defendants' motions for summary judgment (ECF Nos. 44 and 48).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

October 3, 2018
Charleston, South Carolina